In the matter of the estate of SAMUEL M. BRAUNSTEIN, deceased.

[Decided May 26th, 1932.]

*Messrs. Bourgeois & Coulomb* and *Mr. Nathaniel S. Hyman,* proctors for appellants Nathaniel S. Hyman, Rudolph Hyman, Bessie Hyman Alexander, Dora Hyman Cohan, Anna Hyman Yubas and Bertie Silverberg.

*Messrs. Cole & Cole,* proctors for the petitioners Guarantee Trust Company and Harry Braunstein, executors of the paper-writing alleged to be the last will and testament of Samuel M. Braunstein, deceased.

*Messrs. Cole & Cole* and *Messrs. Cassman & Gottlieb,* proctors for the petitioners Guarantee Trust Company and Emerson L. Richards, administrators *pendente lite* of the estate of Samuel M. Braunstein, deceased.

*Mr. Joseph B. Perskie* and *Mr. Robert H. McCarter,* proctors for Bertha Hastings Braunstein.

*Messrs. Thompson & Hanstein,* proctors for Jewish Seaside Home and Levy Memorial Hospital.

*Mr. Louis E. Stern* and *Mr. Emerson L. Richards,* proctors for Rose Richman, guardian for Doris Adele Braunstein.

INGERSOLL, VICE-ORDINARY.

In December, 1928, an application was made for the probate of a paper purporting to be the last will and testament of one Samuel M. Braunstein. Caveats having been filed, the application was continued. Upon the same day the Guarantee Trust Company of Atlantic City and Emerson L. Richards were appointed administrators *pendente lite* of the said estate. Litigation has since continued and said probate, as yet, has neither been admitted or denied. The administrators *pendente lite* are still in the exercise of their duties.

Upon the 24th day of February, 1932, an order was entered in the orphans court of Atlantic county in the following words:

"On application of Cassman & Gottlieb, proctors for Guarantee Trust Company of Atlantic City and Emerson L. Richards, administrators *pendente lite;*

"It is, on this 24th day of February, 1932, ordered that said proctors be allowed at this time the sum of $3,000 on account of services, and that the same be paid by said administrators *pendente lite.*"

Upon the 28th day of March, 1932, Messrs. Cole & Cole, as proctors for the Guarantee Trust Company, one of the administrators *pendente lite,* and Harry Braunstein, gave notice as follows:

"To Cassman & Gottlieb, Esqs.

Proctors for Emerson L. Richards, one of the
administrators, *pendente lite:*

Take notice that the Guarantee Trust Company, one of the administrators *pendente lite* of the estate of Samuel M. Braunstein, deceased, and Harry Braunstein, hereby appeal to the prerogative court from the whole of the order of February 24th, 1932, which allows proctors' fee to Cassman & Gottlieb, and imposes upon the estate the burden thereof, upon the ground that the court was without power to make any allowance, and that the allowance is excessive."

And upon the same day entered its petition of appeal, as follows:

"To the Ordinary of the State of New Jersey:

"The petition of Guarantee Trust Company, one of the administrators *pendente lite* of the estate of Samuel M. Braunstein, deceased, and Harry Braunstein, respectfully shows that:

"1. On February 24th, 1932, an order was entered in the above entitled cause in the orphans court of the county of Atlantic, and petitioners hereby appeal from the whole thereof which allows proctors' fee to Cassman & Gottlieb, and imposes upon the estate the burden thereof, upon the ground that the court was without power to make any allowance, and that the allowance is excessive.

"2. Your petitioners complain and allege that the whole of said order is erroneous, improper and illegal, and that your petitioners are aggrieved thereby."

This motion is for an order dismissing the said appeal on the ground that the appeal is not taken within the time limited for the taking of appeals from the order complained of.

The statute is:

"Any person aggrieved by order or decree of the orphans court, of whatever nature, may appeal from the same to the prerogative court; provided that the appeal, if from an order or decree of the court respecting the probate of a will or right of administration or the fairness of an inventory, shall be demanded within thirty days after such order or decree, and if from any other order or decree, the same shall be demanded within three months from the making of such order or decree, unless otherwise specifically provided." *3 Comp. Stat. p. 3889 ¶ 204; P. L. 1898 p. 793.*

In the matter of the estate of *Rynear H. Williams, 94 N. J. Eq. 377,* which was an appeal to this court from that part of an order allowing counsel fees and disbursements to the caveatrix, made after an order for probate had been made, the chancellor, as ordinary, said:

"If this matter came to me as an original proposition I might be inclined to hold that that part of an order or decree awarding costs and counsel fees out of an estate in case of a

contest over the probate of a will, whether residing in the original decree, or in the shape of an amendatory, or even independent, order [such awards have been made in all three ways in numerous cases] was independent, and not a part of the decree respecting probate, but something ancillary and collateral thereto; but, in view of Chancellor Runyon's declaration (*Hoit* v. *Hoit, 40 N. J. Eq. 551*) that such an order is part of the decree for probate, I feel that I should follow that precedent. The application of it to the case *sub judice* results in granting the motion to dismiss the appeal from the order allowing counsel fee and disbursements to the caveatrix, because not demanded within thirty days after the making and filing of such order. Let the appeal be dismissed."

The order appealed from in the present case is of an entirely different nature—it is allowing counsel fees to a proctor of the administrators *pendente lite.*

"Administrators *pendente lite* may always be appointed when the appointment of an executor or a general administrator is delayed for any reason, or the validity of a will is contested. They are officers of the court, called into being to aid the court—in fact, to take the place of the court—to conserve the estate in independent and disinterested hands pending litigation. Any party in interest may apply for their appointment, or the court may appoint upon its own motion." *Davenport* v. *Davenport, 68 N. J. Eq. 611.*

Mr. Justice Fort, in that case, said:

"The court is charged with the preservation of the estate, and with a duty to see that it comes, intact, into the hands of the executor or general administrator, when appointed, for distribution under the will, or in accordance with the statute. The exercise of this power is in the interest of all the litigants. If there be a wrongful exercise of the power of appointing an administrator *pendente lite,* no doubt an appeal will lie, but no such appeal will lie because an appointee of the court is objectionable to either party, or because of the amount of bond required to be given by the court. In this regard the rule stated by Magie, Ordinary, in his opinion

in this case, and the decision of Runyon, Ordinary, in *Dietz* v. *Dietz, supra,* is approved. There is no allegation in this case [waving the question of whether the appeal from the order of the orphans court of September 18th brings up all questions] that the action of the orphans court in exercising the power to appoint an administrator *pendente lite* was improper or unnecessary to conserve the estate, except it be the suggestion that the estate was being cared for by one of the parties litigant, which, in our view, and probably in the view of the orphans court, was a satisfactory reason for the appointment. Pending the litigation, it is the court's duty to see that the *corpus* of the estate is in independent hands and under its own control.

"Neither appellants nor appellees are necessary parties in appointing such an administrator. A creditor may apply for the appointment. *Lothrop's Case, 33 N. J. Eq. 246.* On the face of the proceedings the court, in the exercise of a sound discretion, may, on its own motion, appoint one. No moving or relying parties are necessary. When the court conceives that the jeopardy of the *corpus* of the estate is such that its preservation requires the court's action, it may appoint its officer as administrator *pendente lite* to protect it, and only in case of an abuse of this discretion can relief be had by appeal. Such power in the court is essential to the proper administration of litigated estates."

Clearly, the order appealed from is not "an order or decree awarding costs and counsel fees out of an estate in case of a contest over the probate of a will, whether residing in the original decree, or in the shape of an amendatory, or even independent order" as referred to by the chancellor in *In re Williams*—it is an order allowing counsel fees to an officer of the court.

While in the present case the contest concerning the will created the need ·of the appointment of the administrators *pendente lite,* the need for such appointments may arise from other causes and "when the court conceives that the jeopardy of the *corpus* of the estate is such that its preservation requires the court's action, it may appoint its officer as admin-

istrator *pendente lite* to protect it." *In re Lothrop, supra,* and quoting from *Davenport* v. *Davenport, supra,* it was held that "a creditor may apply for the appointment."

The order appealed from is not one "respecting the probate of a will or right of administration." The appeal is, therefore, within time and the motion is dismissed.